UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TAMI LAINE DUVALL,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 1:18-cv-03768-SEB-DLP
                                      )
CHARLENE BURKETT,                     )
                                      )
            Defendant.                )

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

Tami Duvall filed this lawsuit alleging that prison officials retaliated against her in violation of the First Amendment and discriminated against her in violation of the Fourteenth Amendment. The Court dismissed the claims against defendants Pam Ferguson, Tom Gray, Rob Carter, Doug Evans, James Hendrix, and John Nally based on Ms. Duvall's failure to exhaust her available administrative remedies before filing suit. Ms. Duvall has filed a motion to reconsider. For the reasons explained below, the motion is **DENIED**.

## I. LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W. D. Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). They "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

## II. BACKGROUND

A full description of the underlying facts and procedural history can be found in the "Findings of Fact" section of the Order dismissing the claims against Ferguson, Gray, Carter, Evans, Hendrix, and Nally. *See* dkt. 183, pp. 3-10. The Court incorporates these findings of fact for purposes of this Order. The Court also provides the following abbreviated summary of the facts giving rise to this complaint and the evidence and arguments presented at the *Pavey* hearing.

Ms. Duvall was banned from prison employment for six months as a sanction for a disciplinary hearing in November 2016. As a result, she lost her telemarking job with private contractor Televerde. When this sanction expired, she applied for reinstatement with Televerde but did not receive a response.

On July 4, 2017, Ms. Duvall filed an informal grievance through the offender grievance process asking to be reinstated at Televerde. The informal grievance did not mention retaliation or discrimination. This informal grievance was rejected, and she was told to request reinstatement through the classification appeals process.

2

On July 13, 2017, Ferguson, Henton, and Gray met with Ms. Duvall and told her that she had been banned for life from working for Televerde because of a letter she had written to their corporate headquarters.

On July 19, 2017, Ms. Duvall asked prison official Jerry Newlin for advice on how to proceed, and he told her to grieve her complaint through the offender grievance process. On July 24, 2017, Ms. Duvall filed a second informal grievance. Like her first informal grievance, her second informal grievance did not refer to retaliation or discrimination—it merely asked to be reinstated at Televerde. Ms. Duvall was again told that she needed to use the classification appeals process to seek reinstatement.

Ms. Duvall then attempted to use the classification appeals process to seek reinstatement. There was a dispute between the parties as to whether she completed the classification appeals process or was prevented from doing so. The Court did not resolve this dispute because it was unnecessary for the resolution of the exhaustion defense.

Classification Supervisor Paul Slaven testified at the *Pavey* hearing for the defendants. He explained the interplay between the offender grievance process and the classification appeals process. On cross examination, Mr. Slaven was asked which process an inmate should use to complain that she had lost her prison employment due to retaliation or discrimination. Mr. Slaven testified that the inmate would need to raise allegations of discrimination or retaliation through the grievance process. However, the inmate would not be able to get her job back by filing a grievance. For that, he testified, the inmate would need to file a classification appeal.

The Court found Mr. Slaven's testimony credible and accepted it as true. Dkt. 183, p. 6. Based on this testimony, as well as other evidence in the record, the Court concluded that Ms. Duvall was required to raise her complaints about the defendants' retaliation and

discrimination through the offender grievance process. *Id.* at 10 The fact that she could not receive reinstatement through the grievance process was not dispositive. *Id.* at 11 (citing *Booth v. Chamber*, 532 U.S. 731 (2001) (holding that the Prison Litigation Reform Act requires exhaustion prior to a prisoner's filing of civil rights lawsuit even where the grievance process does not permit an award of money damages and the inmate seeks only money damages, as long as grievance tribunal has authority to take some action in response to inmate's complaint)). Ms. Duvall could have simultaneously used the grievance process to raise issues about discrimination and retaliation and the classification appeals process to seek reinstatement of her position with Televerde. *Id.* at 11 (citing the offender grievance process at p. 3). Although these processes are far from user-friendly, the Court found that they were not so opaque that they were incapable of use. *Id.* at 12 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016)).

Turning to the facts of this case, the Court then concluded that Ms. Duvall failed to exhaust her available administrative remedies because she did not raise retaliation or discrimination through the offender grievance process. Dkt. 183, p. 10. The Court addressed the fact that her two informal grievances had been rejected, and that the grievance officer had directed her to use the classification appeals process to seek reinstatement of her prison employment. *Id.* at 11-12. The Court concluded that these informal grievances were properly rejected because of Ms. Duvall's own failure to articulate allegations of retaliation or discrimination in her informal grievances. *Id.* Instead, she merely stated that she wanted to be reinstated with Televerde. *Id.* If Ms. Duvall had mentioned retaliation or discrimination in her informal complaint, the grievance officer's instruction to file a classification appeal may well have been affirmative misconduct, such that the grievance process would not have been "available" to Ms. Duvall. *Id.* But given the information

Ms. Duvall provided in her informal complaints, the Court found that the grievance officer's instructions to file a classification appeal were appropriate. *Id.*

Finally, the Court relied on reasoning from the Seventh Circuit's decision in *Manley v. Sevier*, 746 F. App'x 594 (7th Cir. 2019). *See* dkt. 183, pp. 12-13. In that case, Manley sued Indiana prison officials alleging that he was subjected to retaliation in his housing assignment following a disciplinary conviction. *Manley*, 746 F. App'x at 595. Rather than raise these complaints through the grievance process, Manley tried to raise them through the classification appeals process and the disciplinary appeals process. *Id.* The Seventh Circuit reasoned that Manley's "primary argument, therefore, boils down to whether a district court is entitled to enforce strict compliance with the prison's grievance procedures. It is." *Id.* at 596. "Further, Manley's assertion that he was confused by the process—even if it were relevant—is unpersuasive. A seasoned grievance filer, he knew that IDOC procedure requires that retaliation claims be brought through the Offender Grievance Process." *Id.*

## III. DISCUSSION

Ms. Duvall has not identified a manifest error of law or fact in the order dismissing the claims against defendants Ferguson, Gray, Carter, Evans, Hendrix, and Nally. Instead, she mostly rehashes her attempts to exhaust her administrative remedies and presents arguments the Court previously rejected. A motion to reconsider is not an avenue to present old arguments that were rejected in the first instance. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70.

Ms. Duvall also argues she was time-barred from seeking reinstatement with Televerde through the classification appeals process by the time she learned that she would not be reinstated, *see* dkt. 187, p. 3; and that "she did not believe it was her responsibility to grieve each defendant individually just because they are higher up in the chain when this notification would be solely for

the benefit of the prison administration," *id* at 6. However, the Court did not base its ruling on the timeliness of her classification appeals or on her failure to name each defendant in her informal grievance. The ruling was based on her failure to raise allegations of retaliation or discrimination through the grievance process. Thus, these arguments do not provide a basis for reconsideration.

## IV. CONCLUSION

For the reasons discussed above, the motion to reconsider, dkt. [187], is **DENIED**.

**IT IS SO ORDERED**.

Date:      1/13/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

TAMI LAINE DUVALL
 4R-J3
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Gregory S. Loyd
INDIANA ATTORNEY GENERAL
gregory.loyd@atg.in.gov

Patrick Ellery MacDonell
INDIANA ATTORNEY GENERAL
Patrick.Macdonell@atg.in.gov